UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIRAEE SCOTT, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ANTONIA HEREDIA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-01067-KES-CDB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Docs. 30, 33)<br><br>**THREE-DAY DEADLINE**<br><br><u>Clerk of the Court to Terminate Motion to Dismiss (Doc. 32) and Vacate Hearing'</u> |

On September 7, 2024, Plaintiffs Jonathan Williams and Desiraee Scott, individually and as guardian ad litem for minor Plaintiffs S. W. and D. W., initiated this action with the filing of a complaint against numerous individual Defendants employed with the Kern County's Sheriff's Office. (Doc. 1). On December 10, 2024, Plaintiffs filed the operative first amended complaint. (Doc. 13). Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint. (Docs. 30, 33).

**Background**

Plaintiffs filed their first motion to amend the complaint on March 31, 2025. (Doc. 30). On April 2, 2025, the Court noted that the motion was noticed for hearing on a date in violation of Local Rule 230(b) and, thus, ordered Plaintiffs to file and serve a new notice of motion setting forth a proper hearing date and time. (Doc. 31). Plaintiffs then re-filed their motion in substantial part

1  with a new compliant hearing date and time.  Upon review, the Court notes the only substantial
2  change in Plaintiffs' renewed motion (Doc. 33) is removal of the text of Exhibit 1 to the proposed
3  second amended complaint (Doc. 30-3 at 21-45), though the Exhibit 1 cover page remains.
4  (*Compare* Doc. 30-3 at 20-45, *with* Doc. 33-2 at 22).

5      In their motion, Plaintiffs assert that:

> [The first amended] complaint is incomplete because the Plaintiffs did not have sufficient information on the defendants and their involvement in the underlying claims. Because of allegations of child abuse, the underlying criminal case and juvenile dependency cases are subject to confidentiality. There are at least two law enforcement defendants and four different sets of social workers and their supervisors in the dependency case. State law also imposes confidentiality on the addresses of the foster parents.
>
> Plaintiffs' attorney had to rely on an opinion from a California Court of Appeal and the Plaintiffs' memory and notes to draft and file the Complaint and First Amended Complaint to preserve the statute of limitations.  Plaintiffs now have sufficient information to amend the First Amended Complaint so that their Second Amended Complaint is sufficiently pled, and Defendants have the necessary information and notice to provide their answers or file a motion to dismiss.

15  (Doc. 33 at 3-4).  Plaintiffs provide that they have removed Carole Allen and Desiree Lopez as
16  Defendants due to being incorrectly named, as well as removed their claims for judicial deception
17  and failure to protect.  Plaintiffs' counsel declares that they have obtained stipulated agreement for
18  the filing of the proposed second amended complaint from counsels for Defendants Ashley Bryant,
19  Dizander Guerrero, Antonia Heredia, Maria Tinoco, and Fatima Dee.  (Doc. 33-1 ¶ 8).  Plaintiffs'
20  counsel further declares that they sent a request to stipulate to Defendant Maira Puente but have
21  not heard back, and Plaintiffs' assert that they have not been able to determine the address of
22  Defendant Cynthia Bertrand.  (*Id.* ¶ 10).  Plaintiffs attach their proposed second amended complaint
23  to their motion.  (Docs. 30-3, 33-2).

24      In the motion to dismiss brought by Defendants Bryant, Guerrero, Heredia, and Tinoco
25  (Doc. 32), counsel attaches to his meet and confer declaration email exchanges with counsel for
26  Plaintiffs, evidencing stipulation for leave to amend the operative first amended complaint. (Doc.
27  32-1 at 3).  No opposition to Plaintiffs' motion has been filed and the time to do so has expired.
28  (Doc. 40).

**Governing Law**

Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

Here, Plaintiffs' motion is unopposed. All Defendants served with summons and complaint have stipulated to the motion, with the exception of Defendant Puente who, Plaintiffs' counsel declares, did not respond. Defendant Puente has not filed any opposition. Defendant Bertrand has not been served as her address, Plaintiffs represent, has not been located. (Docs. 20, 33 at 3, 33-1 at 2-3).

The Court has considered the *Nunes* factors and finds they weigh in favor of amendment. The Court finds neither bad faith on the part of Plaintiffs nor undue delay in bringing the motion in light of Plaintiffs' representations regarding the confidentiality of the underlying criminal and juvenile dependency cases due to allegations of child abuse. Likewise, the Court finds no prejudice to opposing parties; Defendants Bryant, Guerrero, Heredia, Tinoco, and Dee have stipulated to amendment, Defendant Puente has not yet filed a responsive pleading, and Defendant Bertrand has not been located for service.

No party asserts that leave to amend would be futile; indeed, Plaintiffs appear to seek to file an amended complaint in part to address asserted deficiencies Defendants claim in their pending motion to dismiss exist in the operative first amended complaint. *See generally* (Doc. 34). Lastly, the fact that Plaintiff has amended his complaint once prior does not weigh against amendment here, particularly as the prior amendment was filed before summons were issued or service upon any party was completed. (*See* Doc. 13).

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for leave to file a second amended complaint (Docs. 30, 33) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

4

2.  No later than three (3) days following entry of this order, Plaintiffs SHALL FILE as a stand-alone docket entry the second amended complaint proposed in the motion, including all attached exhibits;

3.  Defendants shall respond to the second amended complaint within 14 days of its filing (*see* Fed. R. Civ. P. 15(a)(3)); and

4.  Because the second amended complaint supersedes the first amended complaint, the Clerk of the Court is DIRECTED to terminate Defendants' pending motion to dismiss (Doc. 32) and to vacate the motion hearing set for May 19, 2025, before District Judge Kirk E. Sherriff.

IT IS SO ORDERED.

Dated:   **May 14, 2025**

UNITED STATES MAGISTRATE JUDGE