1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                      EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  DESIRAEE SCOTT, *et al*., | Case No. 1:24-cv-01067-KES-CDB |
| 12                    Plaintiffs, | ORDER DENYING COUNSEL FOR PLAINTIFFS' MOTION TO WITHDRAW |
| 13        v. | (Doc. 59) |
| 14  ANTONIA HEREDIA, *et al*., | |
| 15                    Defendants. | |
| 16 | |

17    **Background**

18        Plaintiffs Desiraee Scott, Jonathan Williams, and minors S.W. and D.W., through

19  guardian ad litem Desiraee Scott, initiated this action with the filing of a complaint on September

20  7, 2024. (Doc. 1).

21        On January 5, 2026, counsel for Plaintiffs Quoc T. Pham filed a motion to withdraw as

22  counsel, supported by a declaration. (Docs. 59, 59-1). By his supporting declaration, counsel

23  represents that, for the past two months, he has been unable to communicate with Plaintiffs, that

24  there is a new conflict of interest, that he has informed the adult Plaintiffs he must withdraw

25  from this action and of their options for finding another attorney but has not received any

26  response, and that he has the last known addresses for Plaintiffs, as well as their contact

27  information, for purposes of notice regarding the instant motion. (Doc. 59 at 3; Doc. 59-1 at 2).

28  ///

1

**<u>Governing Authority</u>**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.6(b)(4).

///

2

1

**Discussion**

2       Here, Plaintiffs' counsel provides insufficient details to permit the Court to adequately

3  balance the equities in deciding whether to grant the relief requested based on the grounds

4  asserted (a new conflict of interest and breakdown in communications).  *See United States v.*

5  *Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-

6  02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately,

7  the court's ruling must involve a balancing of the equities").  Thus, for instance, although

8  counsel's motion appears to implicate Cal. R. Prof. Conduct 1.16(b)(4), his declaration does not

9  demonstrate that the recent breakdown in communications he attests to experiencing with his

10  clients "renders it unreasonably difficult for the lawyer to carry out the representation

11  effectively."  Cal. R. Prof. Conduct 1.16(b)(4).[1]

12       The sparse information provided in counsel's motion and declaration fails to explain with

13  any particularity the nature of the newly discovered conflict of interest, nor the circumstances

14  that resulted in the breakdown.  As counsel provides only general and conclusory assertions

15  regarding any conflict of interest or breakdown in communication, the Court is unable to

16  sufficiently balance the equities in deciding upon the requested relief.  Further, the Court notes

17  that there is a pending motion to dismiss (Doc. 47) and, as a result, the case has not been

18  scheduled and discovery has not commenced.  As such, absent further information or explanation

19  by counsel, it is unclear to the Court how the circumstances counsel refers to in moving to

20  withdraw materially affects the litigation at this stage of the proceedings.

21       Accordingly, counsel's motion to withdraw will be denied without prejudice.  Counsel

22  may file a renewed motion to withdraw supported by an accompanying affidavit setting forth

23  with sufficient particularity the circumstances counsel asserts support withdrawal.  Counsel may

24  include an accompanying application to seal, as appropriate, should he deem the information to

25  be disclosed protectible under Local Rule 141 as privileged or otherwise.  In short, the Court

26

27       [1] In his motion, counsel cites to California Rules of Professional Conduct 1.7 and 1.16(b)(4),
which are current, but also cites to Rule 3-700(b) of the 1992 Rules of Professional Conduct, which
28  was superseded on November 1, 2018.  *See* (Doc. 59 at 3).

requires details about the newly discovered conflict of interest and the circumstances prompting counsel to assert that communications have broken down, including among other details, the nature and format/form (*i.e.,* mail, email, telephone, text) of counsel's communications or attempted communications with the clients, the dates on which counsel did or attempted to communicate with the clients, the dates of any responses by the clients, a description of what prompted the breakdown of communications, and a description of the asserted conflict of interest.

### Conclusion and Order

For the reasons stated above, counsel for Plaintiffs' motion to withdraw (Doc. 59) is HEREBY DENIED without prejudice.  Any renewed motion shall be supplemented with a supporting declaration of counsel and accompanying application to seal consistent with Local Rule 141, if appropriate, in which counsel provides additional details regarding the bases for withdrawal, as described above.

Any renewed motion to withdraw by counsel for Plaintiff shall be noticed for hearing and served upon Plaintiffs in accordance with Local Rule 182.

IT IS SO ORDERED.

Dated:   **January 6, 2026**

UNITED STATES MAGISTRATE JUDGE

4